FILED BY ___ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE 05 SEP 27 PM 12: 04
WESTERN DIVISION

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| MILES EVERETT McKINNEY, | X | |
| Petitioner, | X | |
| vs. | X | No. 04-2524-D/V |
| ALBERTO R. GONZALES and TONY PARKER, | X | |
| Respondents. | X | |

ORDER CORRECTING THE DOCKET
ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Petitioner Miles Everett McKinney, Bureau of Prisons ("BOP") inmate registration number 18390-076, an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee,[1] filed a second pro se petition pursuant to 28 U.S.C. § 2241 on July 13, 2004, along with a motion seeking leave to proceed in forma pauperis.[2] The Court issued an order on July 23, 2004 that, inter alia, granted leave to proceed in forma pauperis and directed the

---

[1] McKinney's Tennessee Department of Correction ("TDOC") prisoner number is 159024.

[2] McKinney previously raised his claim concerning sentence credit in a motion pursuant to 28 U.S.C. § 2255, United States v. McKinney, No. 03-2784-D/A (W.D. Tenn. dismissed July 28, 2004), and in a § 2241 petition, McKinney v. Harris, No. 04-2421-D/An (W.D. Tenn. dismissed June 23, 2004). McKinney's first § 2241 petition was dismissed for failure to exhaust.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

respondents to file a response to the petition.[3] On August 12, 2004, respondent John D. Ashcroft filed a response that included a motion to dismiss. The other respondent, NWCX warden Tony Parker, filed a notice on September 17, 2004 indicating his intention of relying on the response filed by Attorney General Ashcroft. Because respondent Parker's response did not address the plaintiff's claim that he is entitled to program credit on his state sentence, the Court issued an order on January 25, 2005 directing Parker to respond to that claim. Parker filed his response on February 10, 2005.

In this petition, McKinney contends he is entitled to credit on his federal sentence for the time he was "borrowed" from TDOC custody, via a writ of habeas corpus ad prosequedum, in connection with his then-pending federal charges. This federal custody extended from May 28, 2002 until his return to state custody on October 1, 2003. Because McKinney's federal sentence was ordered to run concurrent to his state sentence, he contends he should receive credit on both his state and federal sentences for the time spent in federal custody during the pendency of the federal criminal case. He also complains that he did not receive program credits on his state sentence for the time he spent in federal custody prior to the imposition of his federal sentence.

---

[3] At that time, the federal respondent was Attorney General John D. Ashcroft, who has since resigned. The Clerk is ORDERED to substitute the current Attorney General, Alberto R. Gonzales, in place of John D. Ashcroft as a party to this action.

The following facts are material to this petition:

1. On March 3, 2000, McKinney was arrested by the State of Tennessee for evading arrest, theft of property, and aggravated assault. (Petition for Habeas Corpus Relief from Erroneous Computation, filed July 13, 2004 ("Pet."), at § II.)

2. McKinney entered a guilty plea to the state charges on August 20, 2001, and he was sentenced to eight years in the TDOC. (Pet. at § II.)

3. McKinney's projected release date from his state sentences is November 3, 2006. (Declaration of Kathy M. Harris, dated Aug. 10, 2004 ("Harris Decl."), at Att. D.[4])

4. On April 24, 2002 a federal grand jury in the Western District of Tennessee returned a nine-count indictment against McKinney for violating 18 U.S.C. § 1001. (Docket, United States v. McKinney, No. 02-20145-D (W.D. Tenn.).)

5. On May 28, 2002, the U.S. Marshals Service "borrowed" McKinney from the primary jurisdiction of the State of Tennessee via a writ of habeas corpus ad prosequedum. (Harris Decl. at Att. C.)

6. Pursuant to a written plea agreement, McKinney appeared before this judge on April 17, 2003 to enter a guilty plea to the first count of the indictment. The Court conducted a sentencing hearing on September 26, 2003, at which time McKinney was sentenced to thirty-six (36) months imprisonment, to run concurrent to the state sentences, and to be followed by a two-year period of supervised release. (Docket, United States v. McKinney, No. 02-20145-D (W.D. Tenn.).) Judgment was entered on September 30, 2003. (Harris Decl. at Att. B.) McKinney did not take a direct appeal.

7. On October 1, 2003, McKinney was returned to TDOC custody. (Harris Decl. at Att. C.)

---

[4] A copy of the Harris Declaration is attached to the response filed by Attorney General Ashcroft on August 12, 2004.

3

8. On October 6, 2003, the U.S. Marshals Service issued a detainer against McKinney with the TDOC. (Harris Decl. at Att. E.)

9. During the period when McKinney was out on federal writ, from May 28, 2002 to October 1, 2003, the running of his state sentence continued uninterrupted. (Harris Decl. at Att. D.)

10. In order to comply with the federal Judgment and Commitment Order, on June 3, 2004 the BOP officially designated TDOC's NWCX for service of McKinney's federal sentence. (Harris Decl. at Att. F.)

11. McKinney's federal sentence was computed to begin on the date on which it was imposed, September 26, 2003. (Harris Decl. at Att. A.)

12. McKinney has exhausted his available federal administrative remedies in this case. (See Harris Decl. at Att. G.)

With respect to McKinney's claim for credit on his federal sentence, he is not entitled to federal sentence credit for any time prior to the date on which his sentence was imposed. Pursuant to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the <u>official detention facility at which the sentence is to be served</u>" (emphasis added). In this case, the official detention facility at which the sentence is to be served is the NWCX. Finding of Fact ("FF"), ¶ 10.[5]

---

[5] Pursuant to 18 U.S.C. § 3621(b), the BOP is authorized to designate the place where a federal offender will serve his sentence. It is the policy of the BOP that, "[w]hen a federal judge orders or recommends a federal sentence run concurrently with a state sentence already imposed, the Bureau implements such order or recommendation, ordinarily by designating the state facility as the place to serve the federal sentence." BOP Program Statement 5160.05 (Jan. 16, (continued...)

4

The Attorney General, through the BOP, is responsible for computing federal terms of imprisonment. United States v. Wilson, 503 U.S. 329 (1992). Pursuant to BOP Policy, "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." BOP Program Statement 5880.28 (July 19, 1999), p. 1-13 (emphasis omitted), at Harris Decl., Att. I; see also United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980) ("a federal sentence cannot commence prior to the date on which it is pronounced, even if made concurrent with a sentence already being served"). On June 3, 2004, the BOP made the determination that the running of McKinney's federal sentence commenced on September 26, 2003, the date on which sentence was imposed. FF 11; see Harris Decl., Atts. A & F. This was the earliest possible date, consistent with BOP policy, that the running of his federal sentence could commence.

McKinney is also not entitled to jail credit on his federal sentence for the period when he was in federal custody in connection with his pending federal charges, from May 28, 2002 to October 1, 2003. Pursuant to 18 U.S.C. § 3585(b):

> **Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or

---

⁵ (...continued)
2003), ¶ 7(c), at Harris Decl., Att. H.

5

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The plain language of the statute provides that, when time in federal custody has been credited against another sentence, the inmate is not entitled to jail credit on his federal sentence. Thus, where the time has been credited against a state sentence, a federal prisoner is not entitled to credit that same time against his federal sentence as well. McClain v. Bureau of Prisons, 9 F.3d 503 (6th Cir. 1993) (per curiam); see also Wilson, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time."); Bridgeman v. Bureau of Prisons, 112 Fed. Appx. 411 (6th Cir. Sept. 20, 2004) ("Here, because Bridgeman received credit on his state sentence for the time period in question, he may not receive credit for this time on his federal sentence. . . . If Bridgeman were credited for this time against his federal sentence, he would be receiving improper double credit.").

In this case, McKinney received credit on his state sentence for time served from May 28, 2002 to October 1, 2003. FF 9. Awarding McKinney credit on his federal sentence for the period prior to the commencement of that sentence on September 26, 2003 would constitute impermissible doubt counting. Accordingly, the

6

Court DENIES the petition insofar as it seeks relief against respondent Gonzales.

As previously noted, see supra p. 2, McKinney also complains that he did not receive program credits on his state sentence for the time he spent in federal custody prior to the imposition of his federal sentence. The gist of this claim appears to be that, because McKinney was in federal custody defending himself against federal charges, he did not have the opportunity to participate in work, educational, or vocational programs offered through the TDOC and, therefore, lost the opportunity to earn credit on his state sentence. That claim is not cognizable in a federal habeas petition. McKinney can challenge the execution of his state sentence through a habeas petition if "[h]e is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3).[6] Prisoners have no constitutional right to release on parole, Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979), and, therefore, no constitutional right to earn credits on their state sentences. McKinney's claim seeking program credits derives entirely from Tennessee statutory law. Brown v. Tennessee Dep't of Correction, No. M1999-02519-COA-R3-CV, 2001 WL 177059 (Tenn. Ct. App. Feb. 23, 2001) ("The opportunity for an inmate to earn credits toward

---

[6] Error in the application of state law is not cognizable in a federal habeas proceeding. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Pulley v. Harris, 465 U.S. 37, 41 (1984).

7

reducing his sentence derives exclusively from statute. Eligibility for such credits is determined solely from the statutes themselves."); see also Tenn. Code Ann. § 41-21-236 (authorizing time reduction credits for participation in work, educational, or vocational programs). Accordingly, the Court DENIES the petition insofar as it seeks relief against respondent Parker.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917. Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved

8

whether those requirements apply to § 2241 cases. <u>Kincade v. Sparkman</u>, 117 F.3d 949, 951-52 (6th Cir. 1997); <u>cf.</u> <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. <u>See</u> <u>McIntosh</u>, 115 F.3d at 810; <u>United States v. Simmonds</u>, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. <u>Graham v. United States Parole Comm'n</u>, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), <u>aff'g</u> <u>Graham v. United States</u>, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of <u>McIntosh</u> persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in <u>Kincade</u>, the Court concludes that the PLRA does not apply to § 2241 petitions. <u>Cf.</u> <u>Greene v. Tennessee Dep't of Corrections</u>, 265 F.3d 369 (6th Cir. 2001) (certificate of appealability requirement is applicable to state prisoner bringing § 2241 petition).

Pursuant to <u>Kincade</u>, a petitioner must seek leave to proceed <u>in forma pauperis</u> from the district court under Fed. R. App. 24(a), which provides:

> A party to an action in a district court who desires to proceed on appeal <u>in forma pauperis</u> shall file in the

9

> district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint does not warrant service on the respondent, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this petition also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by petitioner is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 26th day of September, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 2:04-CV-02524 was distributed by fax, mail, or direct printing on September 28, 2005 to the parties listed.

---

Mark A. Fulks
ATTORNEY GENERAL'S OFFICE (NashvilleCr)
P.O. Box 20207
Nashville, TN 37202

Miles Everett McKinney
NWCC-TIPTONVILLE
159024
960 State Route 212
Tiptonville, TN 38079

William W. Siler
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT